IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAMELA A. AHMED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:22-00190-KD-N |
| ) | |
| JOHNSON & JOHNSON HEALTHCARE ) | |
| SYSTEMS, INC. and MEDICAL ) | |
| DEVICE BUSINESS SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Defendants Johnson & Johnson Healthcare Systems, Inc. and Medical Device Business Services, Inc's, f/k/a DePuy Orthopaedics, Inc. (collectively "Defendants") Motion for Reconsideration of [the Court's] February 20, 2024, Order to the Extent it Denied Defendants' Motion for Summary Judgment, (Doc. 77), and Memorandum in Support thereof, (Doc. 78). The Court previously granted Defendants' Motion for Summary Judgment, (Doc. 55), as to each count in the Complaint except as to Plaintiff's Count Five (Breach of Implied Warranty). (Doc. 76). Upon consideration and for the reasons set forth herein, Defendants' Motion for Reconsideration, (Docs. 77-78), is **DENIED**.

Defendants move the Court to reconsider its prior order "pursuant to the Federal Rules of Civil Procedure and applicable law." (Doc. 77 at 1). A motion for reconsideration may be brought pursuant to either Fed. R. Civ. P. 59(e) or 60(b). Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). "Rule 59(e) governs a motion to amend a final judgment, and Rule 60(b) lists grounds for relief from a final judgment, order, or proceeding." J&J Sports Prods., Inc. v. Kim, No. 5:18-CV-116, 2019 WL 2635589, at *1 (M.D. Ga. May 1,

1

2019). An order granting in part a motion for summary judgment is an interlocutory order, meaning rule 59(e) is inapplicable. Mercedes-Benz, U.S. Int'l Inc. v. Inteva Prods. LLC, No. 7:22-CV-257, 2023 WL 4143213, at *1 (N.D. Ala. June 22, 2023). Accordingly, Rule 60(b) is the correct standard. J&J Sports, 2019 WL 2635589, at *1.

Pursuant to Rule 60(b), the Court may relieve a party from an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) motions are committed to the sound discretion of the district court. Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 849 n.2 (11th Cir. 1996).

Defendants allege that the Court's holding that "summary judgment is not required on all of Plaintiff's claims even though she offers no expert evidence regarding medical causation" was a clear error of law that should be corrected by reconsideration. (Doc. 78 at 8 (quoting Doc. 76 at 38)). "The Court also committed a clear error of law and fact in denying defendants summary judgment on plaintiff's implied warranty of merchantability claim because it is subsumed by the AEMLD." (Doc. 78 at 13). Of course, the Court has previously considered and rejected the precise arguments Defendants repeat here. In any event, it is unconvinced that the objected-to

holdings constitute errors of law that merit reconsideration, or that any other ground under Rule 60(b) suffices to grant reconsideration.

Defendants ask that "[i]n the alternative, the Court should certify two questions to the Alabama Supreme Court: (1) whether a plaintiff can prove medical causation in a case involving an allegedly defective drug or medical device without expert evidence of medical causation; and (2) whether the failure of a medical device in a single plaintiff can give rise to a cause of action for breach of implied warranty independent from and in place of a claim that has been dismissed under the AEMLD." (Doc. 78 at 18).

Alabama Rule of Appellate Procedure 18(a) states:

> When it shall appear to a court of the United States that there are involved in any proceeding before it questions or propositions of law of this State which are determinative of said cause and that there are no clear controlling precedents in the decisions of the Supreme Court of this State, such federal court may certify such questions or propositions of law of this State to the Supreme Court of Alabama for instructions concerning such questions of propositions of state law, which certified question the Supreme Court of this State, by written opinion, may answer.

Ala. R. App. P. 18(a). The Eleventh Circuit has said, "It has long been our practice that 'substantial doubt about a question of state law upon which a particular case turns should be resolved by certifying the question to the state supreme court.'" Alabama Educ. Ass'n v. State Superintendent of Educ., 665 F.3d 1234, 1238 (11th Cir. 2011) (quoting Jones v. Dillard's, Inc., 331 F.3d 1259, 1268 (11th Cir. 2003)). In deciding whether to certify a question to the Alabama Supreme Court, this Court considers:

> (1) the closeness of the question; (2) the existence of sufficient sources of state law; (3) the degree to which considerations of comity are relevant in light of the particular issue and case to be decided; (4) the likelihood of recurrence of a particular issue; and (5) the practical limitations of the certification process.

Hillcrest Optical, Inc. v. Cont'l Cas. Co., 497 F. Supp. 3d 1203, 1208 (S.D. Ala. 2020) (citing Arnold v. State Farm Fire and Cas. Co., No. 17-CV-0148-WS-C, 2017 WL 5451749, at *4 (S.D.

Ala. Nov. 14, 2017)). The Alabama Supreme Court has refused to answer questions certified to it under Rule 18(a) when it finds existing Alabama law sufficient to guide the certifying court in its resolution of the state-law issue. E.g., Heatherwood Holdings, LLC v. First Com. Bank, 61 So. 3d 1012, 1026 (Ala. 2010).

That said, certification of state law questions is a matter of discretion. City of Rome v. Hotels.com, L.P., 549 F. App'x 896, 904 (11th Cir. 2013) (citing Escareno v. Noltina Crucible & Refractory Corp., 139 F.3d 1456, 1460-61 (11th Cir. 1998) and Lehman Bros. v. Schein, 416 U.S. 386, 390-91 (1974)). Indeed, despite being "Erie-bound," the Eleventh Circuit has exercised the option to make an educated guess as to how state courts would resolve the issue in lieu of certifying it to the state supreme court. Smigiel v. Aetna Cas. & Sur. Co., 785 F.2d 922, 925 (11th Cir. 1986). The Court likewise finds itself "sufficiently educated by the available [Alabama] authority" and declines to certify either question to the Alabama Supreme Court. See id. "The Court will not delay this action by certifying questions to the Alabama Supreme Court at the eleventh hour." Camp v. City of Pelham, No. 2:10-CV-1270, 2014 WL 12609308, at *3 (N.D. Ala. 2014) (noting that the Court was "mindful" that the defendant's motion for certification came on the eve of trial and that it did not move to certify these questions to the Alabama Supreme Court when it previously moved for summary judgment on the issue).

Accordingly, Defendants' Motion for Reconsideration, (Docs. 77-78), is **DENIED**.

**DONE** and **ORDERED** this 5th day of March 2024.

                                              **s / Kristi K. DuBose**
                                              **KRISTI K. DuBOSE**
                                              **UNITED STATES DISTRICT JUDGE**