IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAMELA A. AHMED,          ) | |
|                           ) | |
|   Plaintiff,              ) | |
|                           ) | |
| vs.                       ) | |
|                           ) | Civil Action No. 22-00190-KD-N |
| MEDICAL DEVICE BUSINESS   ) | |
| SERVICES, INC., a/k/a DEPUY ) | |
| ORTHOPAEDICS, INC.        ) | |
|                           ) | |
|   Defendant.              ) | |

### ORDER

This civil action for breach of implied warranty of merchantability under Alabama law came before the Court for jury selection on the morning of June 4, 2024, with United States Magistrate Judge Katherine P. Nelson presiding.

On the afternoon of June 4, with United States District Judge Kristi K. DuBose presiding, the Court heard the parties on two issues. Defendant Medical Device Business Services, Inc. a/k/a DePuy Orthopaedics, Inc. sought reconsideration of the Court's rulings on DePuy's objections to part of Plaintiff Pamela A. Ahmed's deposition designations of the testimony of her orthopedic surgeon (doc. 119). The Court declined to reconsider its earlier rulings. DePuy's oral motion to preclude Ahmed from presenting certain testimony regarding the status of her health care insurer's lien for repayment of medical expenses was resolved as stated on the record.

The jury was duly sworn, and trial commenced that afternoon with the parties' opening statement and Ahmed's first witness. Trial resumed on the morning of June 4, 2024. Ahmed presented her case and rested that afternoon. DePuy moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. DePuy's motion was denied for reasons set forth on the record.

DePuy presented its defense and rested the afternoon of June 5, 2024.  Outside the presence of the jury, DePuy renewed its motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure (doc. 121). DePuy's motion was denied for reasons set forth on the record.  The Court heard the parties' respective requests and objections regarding the final jury instructions and verdict form.

On the morning of June 6, 2024, the parties gave their closing arguments. The Court then instructed the jury on the applicable law and the jury began their deliberations. Outside the presence of the jury, the Court heard DePuy's oral objection to part of the final jury instructions, and the objection was overruled.

On the afternoon of June 6, 2024, the jury, having heard the evidence, the arguments of counsel, and having considered the same upon their oaths, returned their verdict in favor of DePuy, a copy of which is attached hereto, in open court with counsel and parties present, as follows:

> 1. Do you find by a preponderance of the evidence that the Pinnacle hip replacement system was not suitable or fit for the ordinary purpose for which hip replacement systems are used?
>
> YES (it was not suitable or fit) _____
> NO (it was suitable or fit) ____X_____

Post-trial motions shall be filed in accordance with the Federal Rules of Civil Procedure.

By separate document, the Court will enter judgment in accordance with the verdict as provided in Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this 6th day of June 2024.

>/s/ Kristi K. DuBose
>**KRISTI K. DuBOSE**
>**UNITED STATES DISTRICT JUDGE**